MARTHA M. ISH, APPELLEE, v. J. B. FINLAY, APPELLANT.

[FILED APRIL 7, 1892.]

1. **Fraudulent Representations:** REVIEW. Where fraudulent representations are relied on as a defense to an action, the same must be proven by a clear preponderance of the evidence.

2. ———: ———. Evidence examined, and *held*, to justify the findings of the trial court.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*E. W. Simeral, W. A. Redick,* and *J. T. Cathers,* for appellant.

*Kennedy & Gilbert, contra.*

NORVAL, J.

On the 3d day of September, 1887, plaintiff and appellee Martha M. Ish, as guardian of James C. Ish, a minor, in pursuance of a license granted to her by one of the judges of the district court of Douglas county, sold at public auction to appellant for the sum of $8,400 the following real estate, owned by said minor and situate in said county, to-wit: Beginning at a point 2,504¾ feet north of the southeast corner of the west half of the southwest quarter of section 10, in township 15 north, range 13 east, thence north 135¼ feet to the north line of said quarter section, thence west 325 feet, thence south 135¼ feet, thence east 325 feet to the place of beginning, containing one acre of land, more or less. One-third of the purchase money was paid in cash, and the remaining two-thirds was to be secured by mortgage upon the property. Subsequently the sale was reported to and confirmed by said court, and appellee executed and delivered a deed to the appellant of said premises. To secure the balance of the purchase price the defendant on the 22d day of September, 1887, executed and delivered to plaintiff, as such guardian, his two promissory notes, each for the sum of $2,800, with interest at eight per cent, due in one and two years, respectively, which notes were secured by a mortgage on the above described real estate. The defendant having failed to pay said notes at maturity, this suit was brought to foreclose the mortgage.

The defendant filed an answer alleging, in effect, that prior to the granting of the license to said guardian to sell said land, about one-third of the premises had been condemned by the city of Omaha for streets, which fact said

guardian fraudulently concealed from defendant, yet she sold the entire tract, including the portion so appropriated by the city for streets; that plaintiff falsely and fraudulently represented that said premises contained one acre of ground, while, in fact, the quantity was one-third less; that defendant made such purchase under a mistake and misconception as to the boundaries and quantity of said property.

The plaintiff replied, denying all allegations of fraud. The court found that there were no fraudulent representations nor concealment upon the part of the plaintiff relative to the condition of the property at the time of the sale, and a decree of foreclosure was entered in favor of the plaintiff for the full amount of the notes, which the mortgage was given to secure.

It is urged that the findings of the district court are not sustained by the evidence. The testimony is not voluminous.

There is no dispute that prior to the guardian's sale the city authorities of Omaha extended Twentieth street on the east and Locust street on the north of the tract purchased by appellant, condemning for that purpose the east thirty-three feet and the north thirty-three feet of the same; that it contained a fraction over an acre, including the portion taken for streets.

John B. Finley testified, in effect, that prior to the purchase he was unacquainted with the property; that Mr. B. E. B. Kennedy, who cried the sale, publicly stated in the presence of the persons attending the sale that "there was an acre of ground very cheap to be sold," and afterwards the property was sold to witness; that he did not hear anything said by the auctioneer about any portion having been appropriated for streets by the city, and was not aware that any such had been thus taken, until long after the sale.

W. A. Redick testified that he was attorney for defend-

ant in the purchase of the land, having exclusive charge of the matter; that he had no knowledge, until sometime after confirmation of the sale, of the steps taken by the city to condemn a portion of the tract for streets, but in making the purchase was guided by the description contained in the petition, license, and notice of sale, and relied entirely on them, except that he examined the city maps for the location of the property, none of which maps disclosed that any part of a street was laid out over the land; that he was present at the sale, but did not hear Mr. Kennedy nor any one else say anything about streets running through the property, and to the best of his belief no such statement was made.

The above is the substance of the entire testimony introduced by the appellant to establish the charge of fraud. There is no testimony as to the value of the property, nor is there any testimony tending to show that the same is less valuable by reason of the opening of Twentieth and Locust streets. For aught that appears in this record the opening of these streets increased the value of the premises. There is nothing in the evidence which would justify the court in holding that Finley was induced to or did bid more than the property was worth. Again, neither appellant, nor his attorney, Mr. Redick, could have been misled or deceived as to the condition of the property or its quantity by any statement contained in the papers in the proceedings under which the sale was made. In all the papers, including the notice of sale, the tract is described by metes and bounds and as containing an acre of land, more or less, precisely as in the deed made by the guardian to appellant, besides the petition for the license contains this allegation: "That by reason of the growth of the city * * * and opening and extension of the streets along and through said tract, the same will be subject to great and disproportionate expense for taxes and special assessments, in excess of any rental possible to be derived from leasing

of said land." The above statement was sufficient to challenge the attention of appellant and other bidders at the sale to the fact that streets had been opened along and through the property, and as Twentieth and Locust streets are the only ones mentioned in the testimony it must have had reference to such streets.

As to the alleged misrepresentations made by the auctioneer in conducting the sale, the testimony is conflicting. We have already given the substance of the testimony on behalf of the appellant. Mr. Kennedy, Mrs. Ish, and James C. Ish each testified, in effect, that at the opening of the sale Mr. Kennedy stated to the persons present that a street had been opened across the east end of the premises, and that he did not state upon that occasion that there was an acre of the land. Considering the testimony that was before the trial court we are unable to say that its findings are against the weight of evidence; on the contrary, we think they are fully supported by the testimony. Fraud is never presumed, but must be established by a clear preponderance of evidence. (*Clark v. Tennant*, 5 Neb., 549; *Tootle v. Dunn*, 6 Id., 93; *Missouri Valley Land Co. v. Bushnell*, 11 Id., 192.)

The conclusion reached makes it unnecessary to consider the question of law discussed in the brief of counsel. The judgment is

AFFIRMED.

THE other judges concur.